UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

KINGMAN HOLDINGS, LLC,                  §       No. 5:15–CV–056–DAE
as trustee of the Catfish Lane 10515    §
Land Trust,                             §
                                        §
        Plaintiff,                      §
                                        §
vs.                                     §
                                        §
BANK OF AMERICA, N.A.,                  §
                                        §
        Defendant.                      §

ORDER (1) CANCELING MOTION HEARING AND (2) GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

        Before the Court is a Motion for Summary Judgment filed by

Defendant Bank of America, N.A. ("Defendant").  (Dkt. # 11.)  Pursuant to Local

Rule CV-7(h), the Court finds this matter suitable for disposition without a

hearing.  The Court hereby **CANCELS** the motion hearing currently set on this

matter for Wednesday, October 14, 2015 at 9:00 AM in Courtroom 5 of the

John H. Wood, Jr. United States Courthouse, 655 East Cesar E. Chavez Boulevard,

San Antonio, Texas.  After reviewing the Motion, and for the reasons that follow,

the Court **GRANTS** Defendant's Motion for Summary Judgment (Dkt. # 11).

BACKGROUND

        This action concerns the ownership of property located at 10515

Catfish Lane, San Antonio, Texas 78224 (the "Property").  ("Orig. Pet.," Dkt.

1

# 1-2 ¶ 4.)  On October 30, 2007, Arturo and Della Villareal (the "Villareals")

executed a deed of trust for the Property benefitting Freedom Mortgage

Corporation ("Freedom Mortgage").  (Dkt. # 11, Ex. 4.)  On November 6, 2007,

Freedom Mortgage assigned its rights in the deed of trust to Countrywide Bank,

FSB ("Countrywide").  (Id., Ex. 5.)  On November 2013, Countrywide assigned its

rights in the deed of trust to Defendant.  (Id., Ex. 6.)

        The Property is part of the Hunters Pond Village Green homeowners

association ("HOA"), and is therefore subject to the HOA's Declaration of

Restrictive Covenants, Conditions, and Restrictions (the "HOA Restrictions"), as

well as the HOA Restriction's various supplements and amendments.  (Orig.

Pet. ¶ 12; "RFA," Defendant's Requests for Admissions No. 4, Dkt. # 11, Ex. 1-B,

Dkt. # 11, Ex. 2.)  The HOA Restrictions provided for certain assessments owed to

the HOA, which were secured by a continuing lien against the Property.  (Dkt.

# 11, Ex. 2 ¶ 3.04.1.)  The HOA Restrictions further provided that the assessment

lien

> shall be subordinate to the lien of any mortgage or mortgages now or
> thereafter placed upon the Lots subject to assessment, provided,
> however, that such subordination shall apply only to the assessments
> which have become due and payable prior to the sale or transfer of
> such Lot pursuant to a decree of foreclosure, or any other proceeding
> in lieu of foreclosure.

(Id. ¶ 3.04.09.)

The Villareals failed to pay $1,267.22 in assessments to the HOA and, on October 29, 2012, the HOA executed a notice of assessment lien against the Property.  (Orig. Pet. ¶¶ 12–13; RFA No. 23; Dkt. # 11, Ex. 7.)  On November 4, 2012, the HOA foreclosed on the assessment lien and sold the Property to Plaintiff Kingman Holdings, LLC ("Plaintiff") at foreclosure.  (Orig. Pet. ¶ 13; RFA No. 28; Dkt. # 11, Ex. 8.)

On December 9, 2014, Plaintiff filed its Original Petition in the 288th Judicial District of Bexar County, Texas.  (Orig. Pet.)  Plaintiff alleges that it attempted to contact Defendant to ascertain what interest, if any, Defendant asserted in the Property or related liens.  (Id. ¶ 14.)  Plaintiffs asserts that Defendant failed and/or refused to provide Plaintiff with any information, thereby making it impossible for Plaintiff to know what, if anything, it must do to obtain clear title to the Property.  (Id. ¶ 15.)

Plaintiff therefore asks the Court to enter a declaratory judgment declaring the rights, status, and other legal relations between the parties as it relates to the Property.  (Id. ¶ 17.)  Specifically, Plaintiffs request that the Court enter a declaratory judgment declaring Plaintiff the sole owner of the Property in fee simple, without any liens or encumbrances, and declaring all deeds of trust relating to the Property, including all subsequent assignments, as void and extinguished. (Id. ¶ 18.)  In the alternative, Plaintiff asks the Court to enter a declaratory

judgment declaring Plaintiff's rights relating to the Property with reference to the order of priority, preference, and/or subordination of all valid liens against the Property, if any such encumbrances exist.  (Id. ¶ 19.)  Also in the alternative, Plaintiff asks the Court to enter a declaratory judgment declaring the current value, if any, of any deed of trust the Court may find to be valid relating to the Property and the amount necessary to satisfy and release any related liens or other encumbrances on the Property.  (Id. ¶ 20.)  In the event that Defendant failed to claim an interest in the Property, Plaintiff also requests that the Court quiet title of the Property in Plaintiff's favor.  (Id. ¶ 21.)

On January 23, 2015, Defendant removed the case to federal court, invoking this Court's diversity jurisdiction.  (Dkt. # 1 at 9.)  On July 31, 2015, Defendant filed the instant Motion for Summary Judgment, relying in part on matters deemed admitted by Plaintiff's failure to respond to Defendant's requests for admissions.  (Dkt. # 11.)  On August 28, 2015, Plaintiff filed a Motion to Withdraw Deemed Admissions.  (Dkt. # 14.)  On September 4, 2015, Defendant filed a Response.  (Dkt. # 15.)  On September 21, 2015, the Court entered an Order Denying Plaintiffs' Motion to Withdraw Deemed Admissions.  (Dkt. # 16.)  Plaintiff did not file a Response to the instant Motion for Summary Judgment.

## LEGAL STANDARD

Summary judgment is proper where the evidence demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Cannata v. Catholic Diocese of Austin, 700 F.3d 169, 172 (5th Cir. 2012). A dispute is only genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party must come forward with specific facts that establish the existence of a genuine issue for trial. Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

In deciding whether a fact issue has been created, the court must draw all reasonable inferences in favor of the nonmoving party, and it "may not make credibility determinations or weigh the evidence." Tiblier v. Dlabal, 743 F.3d

1004, 1007 (5th Cir. 2014) (quoting Reeves v. Sanderson Plumbing Prods., Inc.,

530 U.S. 133, 150 (2000)).  However, "[u]nsubstantiated assertions, improbable

inferences, and unsupported speculation are not sufficient to defeat a motion for

summary judgment."  United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th

Cir. 2012) (quoting Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003)).

DISCUSSION

On April 21, 2015, Defendant served Plaintiff with written discovery

requests, including requests for admission.  ("Collins Decl.," Dkt. # 11, Ex. 1 ¶ 3;

Dkt. # 11, Ex. 1-A; Dkt. # 11, Ex. 1-B.)  Plaintiff failed to respond.  Pursuant to

Rule 36(a) of the Federal Rules of Civil Procedure, Defendant's requests were

deemed admitted 30 days later.  See Fed. R. Civ. P. 36(a) (providing that requests

for admissions are deemed admitted if not answered within 30 days); Husley v.

Texas, 929 F.2d 168, 171 (5th Cir. 1991).  By virtue of its failure to respond,

Plaintiff has admitted the following:

1) The deed of trust is a valid and enforceable lien against the
   Property (RFA No. 10);

2) Defendant is a mortgagee of the deed of trust (RFA No. 17);

3) Defendant is authorized to enforce the deed of trust (RFA No. 20);

4) The deed of trust was a superior interest in the Property to the
   HOA lien (RFA No. 25);

5) When Plaintiff acquired the Property through the HOA deed, Plaintiff's interest in the Property was subject to the deed of trust (RFA No. 30); and

6) Plaintiff has no intention of paying off the deed of trust to obtain clear title to the Property (RFA No. 35).

Matters deemed admitted are properly considered on summary judgment.  See Husley, 929 F.2d at 171 (granting summary judgment based on plaintiff's admission); Am. Auto. Ass'n v. AAA Legal Clinic, 930 F.2d 117, 1120 (5th Cir. 1991) ("[A] Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party.  An admission that is not withdrawn or amended cannot be rebutted by contrary testimony . . . .") (internal quotation marks and citation omitted).  The Court therefore properly relies on the above admissions along with Defendant's other summary judgment evidence in the following analysis.

I.      Quiet Title

"A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property."  Hahn v. Love, 321 S.W.3d 517, 531 (Tex. App. 2009) (internal quotation marks omitted).  Accordingly, to prevail on a quiet title claim under Texas law, a plaintiff must show: (1) interest in a specific property; (2) title to the property is affected by a claim of the defendant; and (3) the claim, although

facially valid, is invalid or unenforceable.  Green v. JPMorgan Chase Bank, N.A., 937 F. Supp. 2d 849, 863 (N.D. Tex. 2013), aff'd 562 F. App'x 238 (5th Cir. 2014).  In so doing, "the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief."  Hahn, 321 S.W.3d at 531.

Plaintiff admits that Defendant's deed of trust is a valid and enforceable lien against the Property, that the deed of trust is a superior interest in the Property to the HOA's assessment lien, and that Defendant is authorized to enforce the deed of trust.  (RFA Nos. 10, 17, 20, 25.)  Furthermore, as explained above, the HOA Restrictions state that an assessment lien created by the Restrictions "shall be subordinate to the lien of any mortgage or mortgages nor or thereafter placed upon the Lots subject to assessment."  (Dkt. # 11, Ex. 2 ¶ 3.04.09.)

Accordingly, when the HOA foreclosed on the Property pursuant to the assessment lien and sold the Property to Plaintiff, it conveyed the Property "subject to each and every superior lien and encumbrance"—which included the deed of trust.  (Dkt.  # 11, Ex. 8 at 3.)  See DTND Sierra Invs. LLC v. Bank of Am., N.A., 871 F. Supp. 2d 567, 573 (W.D. Tex. 2012) (editorial marks omitted) ("Under Texas common law, foreclosure does not terminate interests in the foreclosed real estate that are senior to the lien being foreclosed, and the successful bidder at a junior lien foreclosure takes title subject to the prior liens.

Consequently, 'the purchaser takes the property charged with the primary liability for the payment of the prior mortgage and must therefore service the prior liens to prevent loss of the property by foreclosure of the prior liens.'") (quoting Conversion Props., LLC v. Kessler, 994 S.W.2d 810, 813 (Tex. App. 1999)).

Based on the record, Plaintiff cannot create a question of fact as to whether it carried superior title.  Accordingly, even viewing the facts in the light most favorable to Plaintiff, Plaintiff cannot succeed on a quiet title claim.  See, e.g., Morlock, LLC v. Bank of Am., N.A., No. 4:12-CV-3276, 2013 WL 5231488, at *4 (S.D. Tex. Sept. 13, 2013) (dismissing the case for failure to state a claim when the record clearly established that the homeowners association liens were junior to the mortgage liens and the conveyance was subject to the superior deed of trust).

II.   Declaratory Relief

Without a valid underlying claim, Plaintiff cannot obtain declaratory or injunctive relief.  See Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 752 n.3 (5th Cir. 1996) (noting that declaratory relief is a procedural device and requires a predicate substantive cause of action); Morlock, 2013 WL 5231488, at *5 (dismissing requests for declaratory and injunctive relief because the underlying quiet title claim was dismissed).

With respect to Plaintiff's request that the Court enter a declaratory judgment declaring the current value, if any, of the deed of trust, the Court notes that Plaintiff is not entitled to such information under Texas law because Plaintiff is not a borrower under the mortgage secured by the deed of trust.  See Gonzalez Equities, Ltd. v. Select Portfolio Servicing, Inc., No. SA-14-CV-1087-XR, 2015 WL 3407357, at *3 (W.D. Tex. May 26, 2015) (stating that because plaintiff was not a party to the deed of trust and had not assumed the position of the borrower after purchasing an interest in the property from the HOA, the plaintiff was a "stranger to the transaction" and not entitled to a payoff amount under the deed of trust or Texas Property Code § 51.002).

<u>CONCLUSION</u>

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment (Dkt. # 11).  The motion hearing currently set for Wednesday, October 14, 2015 is hereby **CANCELED.**

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, October 6, 2015.

_____
David Alan Ezra
Senior United States Distict Judge